**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 04-4308**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY LLOYD BRADFORD,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. James A. Beaty, Jr.,
District Judge. (CR-03-237)

─────────

Submitted: November 2, 2005       Decided: November 22, 2005

─────────

Before WILKINSON and LUTTIG, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill,
North Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Robert A. J. Lang, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Rodney Lloyd Bradford appeals his conviction and sentence to 180 months in prison and five years of supervised release following his guilty plea to possession of a firearm, after having been convicted of three counts of felony breaking and entering, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (2000). Bradford's attorney initially filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal but raising the issue of whether there was appealable error under Blakely v. Washington, 542 U.S. 296 (2004). Following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), Bradford's counsel filed a supplemental brief raising the issue of whether his enhanced punishment as an armed career criminal violated his right to a jury trial under the Sixth Amendment. Bradford was notified of his right to file a pro se supplemental brief but did not do so. Finding no meritorious issues, we affirm.

Although Bradford did not object to the presentence report or dispute that he had at least three prior convictions for felony breaking and entering under North Carolina law, he contends that whether or not these offenses qualified as "violent felonies" or were "committed on occasions different from one another" under 18 U.S.C. § 924(e) (2000) were facts that had to be charged in the indictment and determined by the jury or admitted by him. However,

Bradford's arguments are foreclosed by <u>United States v. Thompson</u>, 421 F.3d 278 (4th Cir. 2005). Because the facts necessary to support both the fifteen-year mandatory minimum prison sentence under 18 U.S.C. § 924(e) and the enhancement under <u>U.S. Sentencing Guidelines Manual</u> § 4B1.4(b)(3)(B) (2003) "inhere in the fact of conviction," there was no error. <u>See</u> <u>id.</u> at 283, 287 & n.5.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and found no meritorious issues for appeal. We therefore affirm Bradford's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>